UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JALVELYN MICHAEL LEE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:09-cv-66 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| CINDI S. CURTIN, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | **ON MOTION TO STAY** |
| _____ | ) | |

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner is serving a sentence of 13-to-30 years imposed by the Muskegon County Circuit Court on December 12, 2005, after a jury found petitioner guilty of armed robbery. MICH. COMP. LAWS § 750.529. Petitioner began the present action by filing a *pro se* petition which he placed in the prison mail system on January 20, 2009. The original petition raises three grounds for relief: (1) insufficiency of the evidence to prove that petitioner was the perpetrator of the armed robbery; (2) ineffective assistance of trial counsel for failing to call an alibi witness, failing to emphasize flaws in the state's case regarding witness identification, and failure to call an expert witness; and (3) ineffective assistance of counsel for failing to call an alibi witness (apparently duplicative of petitioner's second ground for relief). Each of these three claims was raised in the state appellate courts.

      Presently pending before this court is petitioner's motion to add five unexhausted claims to his habeas corpus petition and to hold this case in abeyance, to allow petitioner an

opportunity to exhaust the five new claims in the state courts. (Motion, docket # 4). On March 9, 2009, I entered an order requiring petitioner to explain the nature of his five proposed claims, their relationship to his original claims, and why they had not been exhausted in the state courts. (docket # 7). Petitioner has now filed an affidavit in response to the court's order. (docket # 8). Petitioner's affidavit describes his additional claims, verbatim, as follows:

> I.   **Denied a fair trial**: where testimony regarding a wire tap as evidence was allowed to be considered as evidence, despite the trial court's refusal to allow the recording itself to be played. Had the jury been allowed to hear the recording, they would have heard that the recorded conversation was regarding an unrelated (and totally irrelevant) larceny. However, the jury was left to assume that the recording contained incriminating statements about the instant offense. In addition, Petitioner was denied a fair trial where the court refused one juror's request to re-watch the videotape of the robbery.
>
> II.  **Insufficient evidence due to weak identification**: The cashier testified that the alleged perpetrators had their faces covered with hoods and bandana up to their eyes and were trying to disguise themselves. Their voices were muffled behind the bandanas. Despite this, he told police that he was 100% sure that Raymond Holmes, along with Petitioner were the robbers. However, it was actually Raymond's brother - Ralph Holmes, who was convicted along with Petitioner for the robbery. One of the reasons that the cashier linked Petitioner to the robbery was that he and Raymond Holmes used to "hang out" together. A reasonable person could assume that when the cashier misidentified Raymond, he also mistakenly believed that the person with him was the Petitioner because they were frequently together, misidentifying him as a robber as well. Because of the disguises, identification was based solely on eyes and muffled voices. There was no substantial evidence against Petitioner to support that he committed the crime of armed robbery.
>
> III. **Ineffective assistance of counsel**: Despite Petitioner's insistence that he was innocent and had an alibi, trial counsel failed to prepare for an alibi defense. Shawnee M. Ealy would have testified that Petitioner was with her on the night in question, at her home before 1:30 am and that Petitioner was still asleep in her home at 5:50 am when she left for work. Counsel was aware that Ms. Ealy was willing to testify but refused to call her. This caused Petitioner to inform counsel that he did not want to go to trial with him as counsel. Counsel stated this on the record, however, the judge requested that

before he would take their conflict of interests into any consideration, an official motion would have to be filed. Counsel failed to file any such motion.

Trial counsel also failed to impeach the Shell cashier, Clement Coleman, with his prior statements. Specifically, regarding his misidentification of Raymond Holmes as one of the robbers.

Lastly, counsel should have insisted that the wiretap recording be played so that the jury would hear that nothing on the tape was related to the instant offense. Instead, counsel stipulated that it not be played for the jury.

IV. **Ineffective assistance of Appellate counsel establishes the "Good Cause" requirement**: Appellate counsel was ineffective for failing to raise the herein issues on direct appeal, where they have clear merit. Petitioner was ignorant of the law, with only an eighth grade education, and dependant on counsel to find and raise his meritorious issues. It was due to no fault of Petitioner that these issues were not raised previously.

V. **Actual Innocence**: Petitioner's Motion for Relief from Judgment will include an affidavit from his alibi that will prove that his innocence. It was due solely to a lack of a fair trial misidentification, and ineffective assistance of counsel, that Petitioner was falsely convicted of a crime he did not commit.

(Aff., ¶ 2).

Upon review of the record, I conclude that amendment of the petition to add five new claims would be futile, because claims I, IV, V, and part of III are barred by the statute of limitations and claim II and the bulk of claim III are duplicative of the original petition. I therefore recommend that petitioner's motion to amend his petition and to stay these proceedings be denied.

## Discussion

If petitioner were allowed to add five new claims to his habeas corpus petition, his action would present a "mixed petition," that is, one presenting both exhausted and unexhausted claims. Under *Rose v. Lundy*, 455 U.S. 509 (1982), district courts are directed to dismiss mixed

-3-

petitions without prejudice in order to allow petitioners to return to the state courts to exhaust remedies. To prevent loss of habeas claims, the Sixth Circuit has adopted a stay and abeyance procedure to be applied to mixed petitions. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the court held that when dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition because of the time necessary to exhaust new claims, the district court should dismiss only the unexhausted claims and stay further proceedings pending petitioner's exhaustion of his state-court remedies. In the subsequent case of *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved the stay and abeyance procedure that the federal circuit courts, including the Sixth Circuit, had adopted. In *Rhines*, the Court recognized the district court's discretion to stay a mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust and if petitioner's unexhausted claims are not "plainly meritless." 544 U.S. at 277-78.

Petitioner asserts that his five new claims were not raised on direct review because petitioner was uneducated and relied on his attorney. It is unnecessary to decide whether petitioner has shown "good cause" for his failure to exhaust his five new claims in the state courts, because petitioner's unexhausted claims are either "plainly meritless" within the meaning of *Rhines v. Weber* or duplicate claims already before the court.

**1.**

Any attempt to raise a new claim for relief in a habeas corpus action is subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

Consequently, a motion to amend a habeas petition "will be denied where it is filed after that period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c)(2)." *Id.* at 475-76. Rule 15(c) provides that an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." FED. R. CIV. P. 15(c)(1)(B). With respect to the amendment of a section 2254 petition, the United States Supreme Court has rejected the argument that the "conduct, transaction, or occurrence" should be defined to include any pretrial, trial, or post-trial error that arises from the conviction under attack in the original petition. *Mayle v. Felix*, 545 U.S. 644, 661 (2005). Relation back is permitted "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. After noting that AEDPA provides a one-year statute of limitations for filing habeas petitions, the *Mayle* Court observed, "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662. Thus, "[a]n amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

Of the five new claims that petitioner seeks to inject into this action, three are unrelated to the original claims. Petitioner admits as much in his affidavit: "The three remaining issues regarding the wire recording [new claim I] ineffective assistance of counsel [new claim IV] and actual innocence [new claim V] were never previously raised and are not directly related to any

previously raised claim. These arguments were not included in Petitioner's supplemental COA [Court of Appeals] brief due to his ignorance to the law, where he argued the issues he was aware of to the best of his abilities at the time, but still inadequately." (Aff., ¶ 3). Petitioner's observation is correct. His challenge to the method of admitting wiretap evidence, his attack on the effectiveness of appellate counsel, and his claim of actual innocence are completely unrelated to the three claims presently pending before the court. Also, the last paragraph of claim III is unrelated to petitioner's pending claims. The last paragraph challenges counsel's effectiveness in stipulating to the introduction of wiretap evidence without insisting that the tape be played for the jury. This claim is foreign to anything previously raised in the state courts or this court.

These claims are clearly time-barred. The one-year limitations period of AEDPA begins to run on the date on which his criminal judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's direct appeal of his criminal conviction concluded on October 29, 2007, when the Michigan Supreme Court denied his application for leave to appeal. Petitioner's ninety-day period within which to petition the United States Supreme Court for *certiorari* expired on January 28, 2008. The one-year statute of limitations clock began running against petitioner on January 29, 2008. *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007); *Bronough v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The clock continued to run despite petitioner's filing of his habeas corpus action on January 20, 2009,[1] because the AEDPA statute of limitations is not tolled by the filing of a federal habeas

---

[1] Under the "mailbox rule," a prisoner's habeas petition is deemed filed when he posts it in the prison mail system. According to the petition, petitioner did so on January 20, 2009. His action is deemed filed on that date, even though the Clerk did not receive the petition until January 29, 2009. *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002).

corpus petition. *Duncan v. Walker*, 533 U.S. 167 (2001). The one-year limitations period therefore expired on January 29, 2009, only days after petitioner filed the present habeas corpus action. Petitioner did not seek leave to amend his petition to inject five new grounds until March 4, 2009.

Under the clear holding of the Supreme Court in *Mayle*, petitioner's proposed claims are time-barred, unless they relate back to the claims in the original petition. Additional claims I, III (last paragraph), IV and V clearly do not relate back and are therefore time-barred. Under *Rhines*, the court should not allow amendment and stay of a habeas corpus proceeding for the purpose of asserting such clearly meritless claims.

**2.**

Petitioner's second and third proposed claims do indeed relate back to the claims set forth in the petition. In fact, they are identical. Additional claim II asserts that the evidence presented at trial was insufficient to show that petitioner committed the armed robbery. This is precisely the same claim that the petition asserts in ground one of the original petition. Additional claim III (except for the third paragraph) asserts that counsel was ineffective for failing to prepare for and present an alibi defense and failing to impeach the cashier with prior inconsistent statements. These claims are already contained in the original petition, in both grounds two and three. It is therefore not necessary to either allow amendment of the petition or to stay these proceedings for a period of years, because those grounds are already before the court.

**Recommended Disposition**

For the foregoing reasons, I recommend that petitioner's motion for stay (docket # 4) be denied.


Dated:   April 15, 2009　　　　　　　　　　/s/  Joseph G. Scoville
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge .


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).