UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JALVELYN MICHAEL LEE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:09-cv-66 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| CINDI S. CURTIN, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | **ON MOTIONS TO AMEND AND STAY** |
| _____ | ) | |

      This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254.  On December 12, 2005, petitioner was sentenced to a prison term of 13-to-30 years, after a jury convicted him of armed robbery.  After exhausting state remedies on direct appeal, petitioner filed this habeas corpus action in January 2009, raising three grounds for relief:  (1) insufficiency of the evidence to prove the identity of petitioner as the perpetrator of the armed robbery; (2) ineffective assistance of trial counsel on three grounds; and (3) ineffective assistance of trial counsel in abandoning petitioner's alibi defense.  By report and recommendation issued December 14, 2011, I recommended that these habeas corpus claims be denied on their merits.

      Within the time allowed for objection to the report and recommendation, petitioner filed two related motions.  The first is a motion for leave to amend the report and recommendation. (docket # 32).  Review of the motion discloses that it is in fact a motion for leave to amend the habeas corpus petition to add three unexhausted claims.  The second motion is a motion for stay of proceedings (docket # 33) to allow petitioner to return to the state courts for purposes of filing a

motion for relief from judgment on the three unexhausted claims. For the reasons set forth below, I conclude that petitioner's motions are meritless and recommend that they be denied.

## Discussion

### I. Motion for Leave to Amend

Petitioner seeks leave to amend his petition to assert three unexhausted claims. The first new claim is that the trial court abused its discretion by not allowing the jury to view the tape of the armed robbery after they asked to see it again. The second claim is that the victim of the armed robbery identified Raymond Holmes as petitioner's accomplice from a photo lineup but then changed his mind and said that the accomplice was Ralph Holmes, his brother. The third claim is that the Muskegon County Prosecutor gave a recording device to one of the informants to whom petitioner made a jailhouse confession. None of these claims were raised on direct appeal or in the original habeas corpus petition, nor are they related in any way to the three claims set forth in the original petition.

A habeas corpus petitioner is generally accorded a one-year period in which to file a habeas corpus petition in the federal court. 28 U.S.C. § 2244(d)(1). In the present case, the operative one-year period is provided by section 2241(d)(1)(A), which requires a petition to be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Michigan Supreme Court denied leave to appeal by order entered October 29, 2007. (Mich. S. Ct. Record, docket # 25). Petitioner did not seek *certiorari* in the United States Supreme Court, but the 90-day period in which he could have done so delayed the commencement of the one-year limitations period. *See Lawrence v.*

*Florida*, 549 U.S. 327, 332-33 (2007). The 90-day period expired on January 27, 2008. The limitations period therefore expired one year later on January 27, 2009. That period was not tolled by the initiation of this habeas corpus proceeding. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). The first time petitioner mentioned any of the unexhausted claims was in his motions to amend and to hold this matter in abeyance, filed on January 3, 2012, almost three years after the expiration of the statute of limitations.

Pursuant to 28 U.S.C. § 2242, a habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." Motions to amend are governed by Rule 15 of the Federal Rules of Civil Procedure. Any attempt to raise a new claim for habeas corpus relief in a motion to amend pleadings is subject to AEDPA's one-year statute of limitations. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Consequently, a motion to amend must be denied in a habeas case where it is filed after the expiration of the period of limitations, unless the proposed amendment relates back to the date of the original pleading. *Id.* Rule 15 provides that an amendment relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the "conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." FED. R. CIV. P. 15(c)(1)(B). The Supreme Court applied this language to habeas corpus petitions in *Mayle v. Felix*, 545 U.S. 644 (2005). The Court rejected the argument that the "conduct, transaction, or occurrence" at issue in a section 2254 action should be defined so broadly as to include any pretrial, trial, or post-trial error that could provide a basis for challenging the conviction. Rather, relation back is permitted "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657.

The Sixth Circuit has remarked that the *Mayle* court adopted a "narrow reading" of Rule 15(c)(1). *Pinchon v. Myers*, 615 F.3d 631, 642 (6th Cir. 2010). As construed by the Sixth Circuit, *Mayle* requires denial of a motion to amend a habeas petition where a new claim "asserts a new ground for relief supported by facts that differ from those in the original petition." *Id.* The new claims that petitioner now wishes to inject in this case are completely unrelated to those in the original petition and therefore fail under this test. Leave to amend should therefore be denied, on the ground that the three new claims are barred by the one-year statute of limitations.

### II.    Motion to Stay

A district court has discretion to stay a habeas corpus proceeding when a petitioner presents a "mixed petition," that is, one presenting both exhausted and unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized the district court's discretion to stay a mixed petition pending prompt exhaustion of state remedies, but imposed two procedural limitations upon the granting of a stay. First, the petitioner must show "good cause" for his failure to exhaust remedies on direct appeal. Second, petitioner must demonstrate that the unexhausted claims are not "plainly meritless." 544 U.S. at 277-78; *accord Hodge v. Haeberlin*, 579 F.3d 627, 638 (6th Cir. 2009).

Only if the court were to grant petitioner's motion to amend would this case involve a "mixed petition" qualifying for the possibility of a stay under *Rhines*. A stay and abatement of this proceeding, however, is not warranted, because petitioner does not and cannot meet the requirement of *Rhines* that the unexhausted claims have facial merit. Petitioner's unexhausted claims are plainly meritless, as they are barred by the statute of limitations. Assertion of these claims would be

untimely, and, as demonstrated above, they do not relate back under *Mayle*. Consequently, a stay of these proceedings to exhaust plainly time-barred claims would be pointless.

### **Recommended Disposition**

For the foregoing reasons, I recommend that petitioner's motions for leave to amend (docket # 32) and his motion for a stay of proceedings (docket # 33) be denied.


Dated:   January 6, 2012             /s/  Joseph G. Scoville
                                     United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).