UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JALVELYN MICHAEL LEE, )<br>        Petitioner, )<br>                      )<br>-v-                            )<br>                          )<br>CINDI S. CURTIN, )<br>        Respondent. )<br>_____) | No. 1:09-cv-00066<br><br>HONORABLE PAUL L. MALONEY |

**OPINION AND ORDER**
**ADOPTING FIRST AND SECOND REPORT AND RECOMMENDATION OVER OBJECTIONS AND DENYING SUBSEQUENT MOTIONS AS MOOT**

On January 26, 2009, state prisoner Javelyn Michael Lee filed a habeas corpus petition in this court pursuant to 28 U.S.C. § 2254. On the court's review of the petition, Magistrate Judge Scoville issued a Report and Recommendation (ECF No. 30) that Mr. Lee's petition be denied on the merits. Mr. Lee timely objected to the Report and Recommendation (ECF No. 31) and simultaneously filed two related motions: a motion for leave to amend (ECF No. 32) and a motion for stay of proceedings (ECF No. 33). Magistrate Judge Scoville issued a second Report and Recommendation that these motions be denied. (ECF No. 36.) Mr. Lee timely objected. (ECF No. 42.) Before the court are Mr. Lee's two objections.

**I.  STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*,

474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

## II. DISCUSSION

### A. The First Report and Recommendation (ECF No. 30)

Petitioner Lee's objection to the magistrate judge's R&R fails entirely to point to any specific point on which the magistrate judge supposedly erred. Lee appears to argue that the state courts violated his due process rights by upholding his conviction despite insufficient evidence, but he gives no reason why this court should not adopt the magistrate judge's rejection of his claims. He cites a number of cases regarding the power of magistrate judges to hear and decide claims, but none cast any doubt on this R&R. Similarly, Mr. Lee argues "Plain Error, and Obvious Error, and [that] error was so apparent that conviction must be reversed" on the same claims rejected by the magistrate judge, but he does not provide any specific objections to the magistrate judge's recommendation.

These objections are far too general to trigger *de novo* review by this court. *See Howard v. Sec'y Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."). At best, they only incorporate by reference arguments raised in Mr. Lee's prior briefs. Because they fail to explain and cite the problematic portions of the R&R, they are not sufficiently specific to merit consideration. *See Neuman v. Rivers*, 125 F.3d 315, 322–23 (6th Cir. 1997). Mr. Lee's objections to the first R&R are therefore OVERRULED.

### B. The Second Report and Recommendation (ECF No. 36)

The magistrate judge's second R&R relates to Petitioner Lee's two motions (ECF Nos. 32, 33) filed along with his first objections. The R&R recommends denying the two motions, as they effectively ask the court to add three newly raised, unexhausted, unrelated claims to Mr. Lee's habeas petition and to hold

2

this matter in abeyance while Mr. Lee raises the claims in state court. The magistrate judge found that these new claims were unrelated to the rest of Mr. Lee's petition and so could not relate back to the filing of his petition. Therefore, the claims were time-barred and the motions must be denied. Mr. Lee objects to this R&R on several grounds. (ECF No. 42.)

Mr. Lee claims first that the magistrate judge misstated the law on these issues. He argues that deciding whether to stay the case is within the court's discretion. The magistrate judge acknowledged the court's discretion, however; he only declined to exercise that discretion to stay the case given his finding that the newly proposed claims are time-barred. This decision was proper, and Mr. Lee's objection is OVERRULED.

Mr. Lee also objects on the ground that the court should grant his motions because his proposed claims are based on newly discovered evidence. But "newly discovered" is not enough. The one-year limitation on claims runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2244(d)(1)(D). Mr. Lee's proposed claims may be based on facts that are new to Mr. Lee, but there is no evidence that these facts could not have been discovered far outside of the limitations period. The first claim argues that the trial court abused its discretion in not allowing the jury to view the tape of the armed robbery a second time after their request. The second claim argues that the robbery victim later changed his mind about the identity of Petitioner's accomplice, which led to the charge against the first supposed accomplice being dropped, and the supposed accomplice's brother being prosecuted instead. The third claim is based on the fact that the prosecutor gave a recording device to one of the informants against Petitioner. Each of these claims appears to be based on facts that would have been part of the record of Mr. Lee's trial, or documents in the public record generally. This strongly suggests that due diligence would have uncovered these facts before Mr. Lee's direct appeals completed, and certainly more than one year prior to the time

he first raised these claims. Mr. Lee presents no evidence to the contrary. His objection must therefore be OVERRULED.

To the extent Mr. Lee brings other objections to the magistrate judge's ruling, they are too general to merit *de novo* review, and on that basis they are OVERRULED.

### III. CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2254 Cases, a court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

Having reviewed Petitioner's claims, the court declines to issue a certificate of appealability. Reasonable jurists would agree that Mr. Lee's petition fails for the reasons stated in the magistrate judge's Report and Recommendation.

### IV. SUBSEQUENT MOTIONS

After the magistrate judge issued his R&Rs, Petitioner Lee filed two further motions: a "Motion for Authorization to File Motion for Abeyance Second Motion Under 28 USCA 2251 and 28 USCA 2101 By Leave" (ECF No. 40) and a "Motion for Authorization to Appeal Motion for Stay of Proceedings and Abeyance Second Motion" (ECF No. 47). Due to the court's ruling today, these motions are now moot,

and they shall be denied on that basis.

## ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1. The magistrate judge's first report and recommendation (ECF No. 30) is **ADOPTED**, over objections, as the opinion of this court;

2. Jalvelyn Michael Lee's petition for habeas corpus under 28 U.S.C. § 2254 is **DENIED**;

3. A certificate of appealability is **DENIED**;

4. The magistrate judge's second report and recommendation (ECF No. 36) is **ADOPTED**, over objections, as the opinion of this court;

5. Petitioner Lee's Motion for Leave to Amend (ECF No. 32) is **DENIED**;

6. Petitioner Lee's Motion for Stay of Proceedings (ECF No. 33) is **DENIED**;

7. Petitioner Lee's "Motion for Authorization to File Motion for Abeyance Second Motion Under 28 USCA 2251 and 28 USCA 2101 By Leave" (ECF No. 40) is **DENIED** as moot; and

8. Petitioner Lee's "Motion for Authorization to Appeal Motion for Stay of Proceedings and Abeyance Second Motion" (ECF No. 47) is **DENIED** as moot.

**IT IS SO ORDERED.**


Date:  February 8, 2012         /s/ Paul L. Maloney
                                Paul L. Maloney
                                Chief United States District Judge